UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SACRAMENTO,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO & CO.; WELLS FARGO BANK, N.A.,<br><br>    Defendants. | No. 2:18-cv-00416-KJM-GGH<br><br><br>ORDER |

      In this suit for violations of the federal Fair Housing Act (FHA) and California's Fair Employment and Housing Act (FEHA), defendants move for a stay pending resolution of a similar case on appeal before the Ninth Circuit Court of Appeals. For the following reasons, the court DENIES Wells Fargo's motion.

I.     BACKGROUND

      Plaintiff, the City of Sacramento, brings this suit against defendants, Wells Fargo Bank & Co. and Wells Fargo Bank, N.A., alleging violations of the FHA and the FEHA. Specifically, plaintiff alleges that, since at least 2004, Wells Fargo has maintained a pattern and practice of discriminatory lending in Sacramento that constitutes redlining and reverse redlining.[1]

---

[1] These terms are explained in more detail in the court's order on defendants' motion to dismiss, ECF No. 36.

Compl., ECF No. 1, ¶¶ 9−11.  The City alleges Wells Fargo's conduct amounts to both intentional discrimination and disparate impact discrimination, and that both redlining and reverse redlining violate the FHA, 42 U.S.C. §§ 3601, et seq. *Id.* ¶¶ 8, 11; *see* 42 U.S.C. §§ 3604(b), 3605(a).

Plaintiff seeks relief for its noneconomic and economic injuries under the FHA and the FEHA, Cal. Gov't Code § 12900, et seq.[2]  *Id.* ¶¶ 157–181.  Among its noneconomic injuries, plaintiff alleges its policy goal of enabling "any person to choose where to live in the City" has been adversely affected, as have the "social and professional benefits of living in an integrated society." *Id.* ¶ 114.  To that end, the City's efforts "to encourage racial and economic integration, fair housing, and the elimination of discrimination," which the City has pursued through its agencies, coordination with local nonprofits and grant programs and commissions, have been harmed. *Id.* ¶¶ 115−119.  The City's alleged economic injuries include (a) the decreased value of foreclosed properties and (b) the decreased value of properties surrounding foreclosed properties, both of which reduce the City's property tax revenues. *Id.* ¶¶ 120, 122−140.  The City seeks declaratory and injunctive relief and damages. *Id.* at 52 (prayer for relief).

In a similar case brought by the City of Oakland in the Northern District, the district court has certified an interlocutory appeal to address two questions also relevant to this case:

> (1) Do Oakland's claims for damages based on the injuries asserted in the [complaint] satisfy on a motion to dismiss proximate cause required by the FHA?
>
> (2) Is the proximate-cause requirement articulated in *City of Miami* limited to claims for damages under the FHA and not to claims for injunctive or declaratory relief?

*City of Oakland v. Wells Fargo Bank, N.A.*, No. 15-CV-04321-EMC, 2018 WL 7575537, at *2 (N.D. Cal. Sept. 5, 2018), *on appeal*, No. 19-15169.  The appeal is currently pending. *See* Docket, *City of Oakland*, No. 19-15169.

////

////

---

[2] In addition, plaintiff also brings a common law claim for unjust enrichment. Compl. ¶¶ 182–185.

In its order on defendant's motion to dismiss, this court addressed the same issues, but acknowledged the pending "appeal concerning the same issues decided here, the result of which will be binding on this court." Order on Mot. to Dismiss, ECF No. 36, at 22. The court ordered the parties to meet and confer and notify the court as to whether a stipulated stay is appropriate. *Id.* The parties met and conferred, but plaintiff did not stipulate to a stay. Mot. for Stay, ECF No. 37, at 5. Defendant now moves for a stay until the Ninth Circuit issues its decision in *City of Oakland*. *Id.* Plaintiff opposes, ECF No. 41, and defendant has replied, ECF No. 42. Plaintiff also filed a notice with the court when the Supreme Court denied the *City of Miami* defendants' application for a stay of mandate after the Eleventh Circuit's decision to allow plaintiff's FHA claims in that case to proceed. Not., ECF No. 47 (citing Docket, *Bank of America Corp. v. City of Miami*, No. 19A429 (U.S. Sup. Ct. Oct. 30, 2019)).

II.     LEGAL STANDARD

A district court has inherent power to control the disposition of the cases on its docket in a manner to promote economy of time and effort for itself, for counsel and for litigants. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The trial court may, "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings that bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* The court's inherent power is discretionary. *CMAX*, 300 F.2d at 268 (9th Cir. 1962).

In determining whether a stay is warranted, the court must weigh the competing interests in granting or declining a motion to stay. *Id.* Among the competing interests are (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law expected to result from a stay." *Id.* at 268; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268). Finally, "[t]he party requesting a stay bears the burden of

3

1  showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S.

2  418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299

3  U.S. 248, 255 (1936)).

4  III.    REQUEST FOR JUDICIAL NOTICE

5  In connection with their motion to stay, defendants request the court judicially notice

6  six documents filed on public court dockets.  Req., ECF No. 38, at 2; Ex. A (First Amended

7  Complaint, ECF No. 104, *City of Oakland v. Wells Fargo Bank, N.A., et al.*, No. 15-CV-04321-

8  EMC (N.D. Cal. Aug. 15, 2017)); Ex. B (Order Granting Permission to Appeal, ECF No. 4, *Wells*

9  *Fargo & Company, et al. v. City of Oakland v.*, No. 18-80116 (9th Cir. Jan. 24, 2017)); Ex. C

10  (Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), ECF No. 1, *Wells Fargo &*

11  *Co., et al., v. City of Oakland*, No. 18-80116 (9th Cir. Sept. 17, 2018)); Ex. D (Minute Entry of

12  Proceedings, ECF No. 175, *City of Oakland v. Wells Fargo Bank, N.A., et al.*, No. 15-CV-04321-

13  EMC (N.D. Cal. March 7, 2019)); Ex. E (Plaintiff's Motion to Stay Further Proceedings Pending

14  Appeal of Related Action, ECF No. 35., *City of Miami Gardens v. JP Morgan Chase & Co., et al.*,

15  No. 1:14-CV-22205 (S.D. Fla. Sept. 12, 2014)); Ex. F (Order Granting Motion to Stay, ECF No.

16  38, *City of Miami Gardens v. JP Morgan Chase & Co., et al.*, No. 1:14-CV-22205 (S.D. Fla. Oct.

17  9, 2014)).  The request is unopposed.  Because the documents are filed on public court dockets, the

18  court takes judicial notice of the filings, but not of the truth of their contents.  *See Reyn's Pasta*

19  *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice

20  of "court filings and other matters of public record"); *Hornish v. King Cty.,* 899 F.3d 680, 703 (9th

21  Cir. 2018) (only filing, not truth of documents' contents, should be judicially noticed) (citations

22  omitted), *cert. denied sub nom. Kaseburg v. Port of Seattle*, 139 S. Ct. 1546 (2019).

23  IV.    DISCUSSION

24  Here, defendants contend a stay is warranted because *City of Oakland* is expected

25  to be heard by the Ninth Circuit roughly six months from the date of the request,[3] Reply, ECF No.

26

27  [3] As of the date of this order, the appeal is being considered for oral argument before the Ninth
   Circuit in early 2020.  *See* Dkt. No. 50, *City of Oakland v. Wells Fargo Bank, N.A., et al.*, No. 19-
28  15169 (9th Cir. Oct. 4, 2019).

42, at 13 n.4, and without a stay, they face potentially unnecessary expenditures from ongoing discovery and motion practice. *Id.* at 13–14. Plaintiff counters it may take until 2023 before a final decision is rendered in *City of Oakland*, given the possibility of appeal to the Supreme Court, and argues ongoing litigation costs do not justify a stay. Opp'n, ECF No. 41, at 8–10.

The court addresses the *CMAX* factors reviewed above, beginning with the third factor: "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law expected to result from a stay." *CMAX*, 300 F.2d at 268. In reviewing this factor, the court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Landis*, 299 U.S. at 254–55, 57 (court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

The court has previously acknowledged the questions certified for appeal in *City of Oakland* are relevant to this case. Order on Mot. to Dismiss at 22. As in *City of Oakland*, at the heart of defendants' motion to dismiss in this case was the issue of whether plaintiff met the proximate cause requirement for FHA claims as set forth in *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1305 (2017). *Id.* at 6. The court ultimately granted defendants' motion to dismiss in part and denied it in part, based on its interpretation of *City of Miami* and *City of Oakland*. *Id.* at 7–21. Because the Ninth Circuit's decision will be the first controlling authority interpreting the Supreme Court's guidance in *City of Miami* regarding proximate cause in this type of case, and could render plaintiff's claims not cognizable, the third factor favors a stay.

As to the remaining factors, the court must balance the "possible damage [to plaintiff] which may result from the granting of a stay," with "the hardship or inequity which [defendants] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. If there is "even a fair possibility that the stay . . . will work damage to someone else," then defendants must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

These two factors weigh against staying this action. Primarily, plaintiff argues that it seeks injunctive relief to prevent ongoing harm from defendants' FHA violations, which allegedly includes non-monetary harm including impeding plaintiff City's policy goal of enabling "any person to choose where to live in the City." Compl. ¶ 114. Therefore, plaintiff argues, the delay from a stay will harm plaintiff. Plaintiff's allegations in the complaint do suggest there is at least a "fair possibility" that the stay will "work damage" to the City and its inhabitants. *See Lockyer*, 398 F.3d at 1112 (finding stay not justified, in part because "unlike the plaintiffs in *CMAX* and *Leyva*, who sought only damages for past harm, the [plaintiff] seeks injunctive relief against ongoing and future harm"). Therefore, defendants must show "a clear case of hardship" to meet their burden of persuading the court to grant a stay. *Id.* (citation omitted). Defendants have not done so, arguing only that they will incur costs defending a potentially futile suit. Mot. at 13–14. The Ninth Circuit has clearly explained, "being required to defend suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

In sum, though the third *CMAX* factor favors a stay, the balance of factors does not. The court finds a stay is not warranted and DENIES defendants' motion for a stay.

The parties SHALL meet and confer and file a joint status report proposing a schedule for the remainder of this case within fourteen days, at which point the court will set a status conference.

This order resolves ECF Nos. 37 and 38.

IT IS SO ORDERED.

DATED: November 18, 2019.

_____
UNITED STATES DISTRICT JUDGE